UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

v.                             :Criminal No.: 1:12-cr-00201

DIANA ALVAREZ                  :

        Defendant             :

## MEMORANDUM IN AID OF SENTENCING

### I.   INTRODUCTION

On September 27, 2012, Defendant entered a Guilty Plea to a single count Criminal Information charging her with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §1344. A Presentence Report was ordered, has been completed and provided to the Court and all parties. There are no factual inaccuracies in the report. Additionally, Defendant has received the official Sentencing recommendation of United States Probation Officer Kathy J. McGill.

In this Memorandum, Defendant will join in the recommendation of United States Probation[1] and address the issue of apportionment of restitution.

### II.  STATEMENT OF FACTS

Diana Alvarez has accepted full responsibility for her involvement in the criminal conspiracy to commit Bank Fraud as set forth in paragraphs 10 through 18 of the Presentence Report. Moreover, the Presentence Report accurately and completely describes Defendant's Personal and Family data (paragraphs 37 through 44), Physical Condition (paragraphs 45 through 48), Substance Abuse

---

[1] The recommendation of United States Probation Officer McGill has been made to the Court prior to any Motion of the Government pursuant to U.S.S.G. 5k1.1.

(paragraphs 49-50) [in this case lack thereof] (paragraphs 51 and 52), Educational Vocational and Special Skills (paragraphs 53 through 55), Employment Record (paragraphs 56 through 65). With respect to paragraphs 66 through 77, the Presentence Report does accurately reflect Defendant's Financial Condition. Further facts as related to the issue of apportionment of restitution may be set forth in the body of this Memorandum.

### A. A Sentence of Incarceration is not Warranted Upon Consideration of the Sentencing Factors Pursuant to 18 U.S.C. §3553(a).

Defendant respectfully suggests that a sentence of incarceration is not warranted upon consideration of the factors set forth in 18 U.S.C. §3553(a) and especially in further consideration of the Government's anticipated allocution, Motion pursuant to U.S.S.G. §5K1.1 and the recommendation of United State's Probation that a variant sentence would be appropriate.

Since the Supreme Court's rulings in United States v. Booker, 543 U.S. 220 (2005) and Gall v. United States, 552 U.S. 38 (2007), a procedure for sentencing has developed pursuant to which the sentencing court "begins by calculating the appropriate Guidelines range, which it treats as 'the starting point and the initial benchmark' for sentencing." In Re Sealed Case, 527 F.3d 188 (D.C. Cir., 2008)(*citing* Gall, *supra* at 49.) Then, the parties are to be given an opportunity at allocution to argue "for whatever sentence they deem appropriate." In re Sealed Case, *supra* at 49-50 and United States v. Akhigbe, 642 U.S. 1078

(D.C., Cir., 2011). The Court then must consider "all of the section 3553 (a) factors and undertake 'an individualized assessment based on the facts presented.'" *Id.*

### 1. Sentencing Guideline Range

The applicable guideline range in this case is 12-18 months prior to any Motion of the Government for a reduction of the Guideline range pursuant to U.S.S.G. §5K1.1.

### 2. Sentencing Purposes Pursuant to 18 U.S.C. §3553(a)(2)

Considering the sentencing factors set forth in 18 U.S.C. §3553(a), a sentence of probation would sufficiently serve the purposes of sentencing, as outlined in 18 U.S.C. § 3553(a)(2), while a sentence of incarceration would be greater than what is necessary to achieve the purposes of sentencing. According to 18 U.S.C. §3553(a), the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following four purposes of sentencing:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

In reaching the determination as to how the purposes of sentencing should be served in a particular case, the sentencing court is required to consider the factors set forth in the statute as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed...;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established...;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

A substantial period of probation, as suggested by United States Probation, would achieve the goals of sentencing "including deterrence, respect for the law, protection of the community and opportunity for support services in this case." See Sentencing Recommendation of United States probation @ p.2. While Defendant certainly committed a serious breach of confidentiality and trust with her employer which led to a substantial financial loss, it is more then clear considering the nature and circumstances of the offense as well as Defendant's history and characteristics that incarceration is not necessary here. Considering Defendant's actions since she came under investigation, her extreme remorse and embarrassment and her lack of any criminal history, the felony conviction

she has incurred is adequate deterrence for her and for others in the community and there is virtually no likelihood that she will reoffend.

Defendant joins in the recommendation that a term of probation be imposed rather then a period of confinement.

### B. The Court Should Adjust and Apportion Restitution Pursuant to 18 U.S.C. §3664.

Defendant does not dispute that the Court must impose some amount of restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. §3663A (MVRA). However, any restitution ordered should be apportioned to reflect Defendant's level of contribution to the victims' loss and her personal economic circumstances. Defendant respectfully suggests that, consistent with the Government's recommendation as reflected in the Presentence Report on page 19, footnote 4, restitution in the amount of $17,467.51 would be fair and appropriate.

The government bears the burden of demonstrating by a preponderance of the evidence the amount of actual loss sustained by the victim. 18 U.S.C. § 3663A. Pursuant to 18 U.S.C. § 3664(h), if the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. The Court may even make a restitution order joint and several against some defendants and apportion a

5

specific amount against another defendant. See United States v. Bunn, 277 Fed. App'x 25, 28 (2d Cir. 2008) (unpublished opinion)(upholding order imposing liability for full amount of loss on one defendant, and partial amounts on other defendants); See also United States v. Stutesman, 391 Fed. Appx. 646, 648-9 (9th Cir. Wash. 2010) (remanding where district court had imposed liability for total loss on three defendants, so that the court could apportion one defendant's liability "commensurate with his contribution to the government's loss.").

In the Plea Agreement in this matter, the Government agreed, after full investigation which included the Defendant's complete and truthful debriefing, that an apportionment of the Restitution was fair and appropriate. On page 5 of the Plea Agreement, in the paragraph entitled Restitution, the Government agreed to "recommend to the Court that the amount of restitution due and owing by this defendant be apportioned to reflect her level of contribution to the offense and her share of the criminal proceeds obtained from the offense." To that end, the Government has or will recommend Restitution in this case in the total amount of $17,467.44, representing the sum total of the amount Defendant received for her role in this case ($300) and the losses incurred by BB&T in connection with Customer #3, $17,167.44. The Defendant joins in that recommendation and has no objection to a Restitution order in that amount.

To be sure, Defendant recognizes that this Honorable Court retains its full authority and discretion to assess Restitution and order up to the full amount of

the losses incurred by BB & T Bank as Restitution in this case regardless of the negotiated Plea Agreement. While counsel has been unable to find D.C. Circuit cases to guide the court in the consideration of this issue, Circuit and District Courts in other parts of the country have published opinions on issues of a similar nature. For example, the Seventh Circuit reversed an unapportioned Restitution award under the MVRA, where the Sentencing Court had not apparently recognized its authority to apportion based upon the defendant's economic circumstances. United States v. Walton, 217 F.3d 443 (7th Cir. 2000). See Also, United States v. Zander, 2009 U.S. App. Lexis 6809 (3rd Cir., 2009)(the sentencing court has full discretion to apportion under the MVRA but the assessment of the amount of losses as full Restitution is not appealable where a waiver of right to appeal is included in the Plea Agreement and the error does not amount to a "miscarriage of justice.")

The sentencing court's published opinion in United States v Certified Envtl. Servs. 800 F Supp 2d 391 (ND NY 2011) included 3 different Restitution amounts for the Defendant's each based upon multiple factors which the court may similarly take into account in this matter. Those factors included the parties role in the conspiracy, economic circumstances including employment, family household cash flow and need to support dependents. Id. at 397-400. As clearly demonstrated in the PSR, those factors apply with equal strength in the case at bar. Defendant is a single mother, with a growing middle school age boy, barely

7

making ends meet on a monthly basis without support from her son's father. She benefited minimally in this Conspiracy and her role, although admittedly necessary for the scheme to advance at all, was nevertheless much less culpable then the others involved in the Conspiracy. In this context, the amount of Restitution requested by the Government is reasonable as it takes all of these factors into account. Therefore, Defendant respectfully requests that the Court impose the amount of Restitution recommended by the Government in this matter.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court sentence her to a period of probation and order Restitution in the amount of $17,467.51.

Respectfully Submitted,

/s/

RICHARD A. FINCI, Bar #03347
HOULON, BERMAN, BERGMAN,
FINCI, LEVENSTEIN & SKOK, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
(301) 459-8200
e-mail: finci@houlonberman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of Dec., 2012, a copy of the foregoing Memorandum in Aid of Sentencing, was served, via PACER, to:

Mary Chris Dobbie
Assistant United States Attorney
for the District of Columbia
555 Judiciary Street, N.W.
Washington, DC 20530

_____
RICHARD A. FINCI

9