UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 01:12–CR–201 (BAH) |
| | : | |
| v. | : | |
| | : | |
| | : | VIOLATION: 18 U.S.C. § 371 |
| **DIANA J. ALVAREZ,** | : | (Conspiracy to Commit Bank Fraud in |
| | : | violation of 18 U.S.C. § 1344 ) |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### Background

The defendant has pleaded guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. This plea was based on the defendant's role in a scheme to defraud the defraud Branch Banking and Trust (BB&T), by providing account information for BB&T customers to co-conspirator #1 who in turn recruited other co-conspirators to withdraw funds from these accounts without the permission of the account holders. For her part, between July 15, 2008, and July 16, 2008, the defendant provided co-conspirator #1 confidential account information, such as the account holders' names, addresses, dates of birth, true signatures, and social security numbers, for approximately twenty BB&T customers in exchange for money. As a result of these account compromises, the banks lost at least $147,311.44.

The defendant's actions constituted serious criminal misconduct. To obtain the account information, she queried the bank's computer systems looking for accounts carrying large balances. From this system, she accessed and printed various account statements as well as the signature cards.

The defendant engaged in this misconduct on at least 20 occasions on two different days, and she received payment of $300 for doing so.

Furthermore, on July 15, 2008, co-conspirator #1 discussed with the defendant that a co-conspirator would be coming into the BB&T branch location in Washington, D.C., where the defendant worked. The co-conspirator would withdraw money from one of the customer's accounts that the defendant had provided to co-conspirator #1. On July 16, 2008, the defendant assisted an unidentified co-conspirator posing as the customer with withdrawing cash from that account. The unidentified co-conspirator assisted by the defendant also wired money to an account held by a co-conspirator. BB&T lost $17,167.51 on these particular transactions.

**Argument**

I. Government's Position on the Defendant's Sentencing Guidelines.

The government agrees with the probation officer's Sentencing Guidelines calculations. The defendant's base offense level is 6. See Presentence Report ("PSR"), ¶17. A 14-level adjustment should be applied because of the loss amount. Id. at ¶18. The defendant should receive a 3-level reduction for her acceptance of responsibility. Id. at ¶24. Accordingly, an adjusted offense level of 17 should be applied in this case. Given the defendant's criminal history category of I, the probation officer correctly calculated the defendant's Guidelines Sentence range to be 24 to 30 months of incarceration. Id. at ¶69.

A downward departure is appropriate under Section 5K1.1 of the U.S. Sentencing Guidelines ("U.S.S.G."), as described for the Court elsewhere. Accordingly, "the court may depart from the guidelines." See U.S.S.G. § 5K1.1.

In terms of restitution, the government had agreed to apportionment of restitution in its plea

agreement pursuant to 18 U.S.C. § 3664(h).  In light of the defendant's contribution to BB&T's loss and her economic circumstances, the government recommends apportionment in the amount of $17,467.51.  This amount reflects the $300 in ill-gotten case as well as the $17,167.51 suffered by BB&T resulting from the July 16, 2008, transaction in which the defendant played a very significant role.  Above and beyond providing the invaluable account information for the particular customer, the defendant assisted a co-conspirator in withdrawing cash and wiring money from that account.  Accordingly, the government views this transaction as her most culpable and therefore a reasonable basis upon which to apportion restitution.

    II.  The Sentencing Factors Under Section 3553(a).

Title 18, United States Code, Section 3553(a) requires the Court to consider several factors in arriving at an appropriate sentence.  These factors include the nature of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence and protect the public from further crimes of the defendant, and the need to provide the defendant educational or vocational training.

To the defendant's credit, however, early in this investigation she accepted responsibility for her criminal conduct and pleaded guilty well in advance of trial.  A defendant's sincere acceptance of responsibility is strong evidence of rehabilitative potential.  Moreover, the defendant's decision to waive her right to a jury trial resulted in the conservation of valuable government resources.

In terms of personal characteristics, the presentence report describes the defendant in favorable terms.  She has a substantial work history, including commendable efforts to maintain employment during the pendency of this case.  She has a supportive family and is responsible for a minor child.  She has no criminal convictions on her record.

## Conclusion

The government respectfully requests that the Court impose a sentence that appropriately reflects the defendant's conduct, her acceptance of responsibility, and her history and characteristics. In addition, the government requests that the Court order the defendant to pay restitution in the amount of $17,467.51, as well as serve a period of supervised release.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney for
the District of Columbia

By:      /s/
MARY CHRIS DOBBIE
D.C. Bar #975939
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, DC 20530
(202) 252-6975
Mary.Chris.Dobbie@usdoj.gov